UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SERGIO HERNANDEZ,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | No. 4:16-CV-05087-JTR<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 14, 16. Attorney David L. Lybbert represents Sergio Hernandez (Plaintiff); Special Assistant United States Attorney Joseph J. Langkamer represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 6. After reviewing the administrative record and briefs filed by the parties, the Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

## JURISDICTION

Plaintiff filed applications for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB) on August 30, 2012, Tr. 357, alleging disability since September 1, 2009, Tr. 286-299, due to a back injury, a left shoulder injury, a left leg injury, depression, stress, high blood pressure,

ORDER GRANTING DEFENDANT'S MOTION . . . - 1

headaches, allergies, high cholesterol, stomach pain, vision problems, and hearing problems in the right ear. Tr. 362. The applications were denied initially and upon reconsideration. Tr. 214-221, 224-228.[1] Administrative Law Judge (ALJ) Jo Hoenninger held a hearing on September 4, 2014 and heard testimony from Plaintiff and vocational expert, Daniel McKinney. Tr. 45-88. The ALJ issued an unfavorable decision on November 26, 2014. Tr. 24-39. The Appeals Council denied review on April 28, 2016. Tr. 1-8. The ALJ's November 26, 2014 decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on June 17, 2016. ECF No. 1, 4.

**STATEMENT OF FACTS**

The facts of the case are set forth in the administrative hearing transcript, the ALJ's decision, and the briefs of the parties. They are only briefly summarized here.

Plaintiff was 46 years old at the alleged date of onset. Tr. 286. The last grade he completed was the tenth in 1980. Tr. 363. His reported work history includes assembler, machine operator, packer/stacker, and thinning/packing. *Id*.

---

[1]The ALJ's decision stated that the August 30, 2012 applications were denied on October 17, 2011. Tr. 24. There was a denial on October 17, 2011; however, it was a denial for prior applications for SSI and SSDI filed on July 28, 2011. Tr. 206-213, 317. It does not appear the Plaintiff's counsel requested that the prior applications be reopened. Tr. 45-88. However, the ALJ considered evidence and made a finding pertaining to the period of time prior to the October 17, 2011 denial, Tr. 24-39, essentially reopening the prior application. *See Lester v. Chater*, 81 F.3d 821, 827 n.3 (9th Cir. 1995) ("where the Commissioner considers 'on the merits' the issues of claimant's disability during the already-adjudicated period," then "a defacto reopening" will be deemed to have occurred).

He stated that he last worked on September 1, 2009 and stopped working because of his conditions. Tr. 362.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The Court reviews the ALJ's determinations of law de novo, deferring to a reasonable interpretation of the statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097. If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-1099. This

burden is met once the claimant establishes that physical or mental impairments prevent him from engaging in his previous occupations. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If the claimant cannot do his past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work, and (2) specific jobs exist in the national economy which the claimant can perform. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-1194 (9th Cir. 2004). If the claimant cannot make an adjustment to other work in the national economy, a finding of "disabled" is made. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## ADMINISTRATIVE DECISION

On November 26, 2014, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since September 1, 2009, the alleged date of onset. Tr. 26.

At step two, the ALJ determined Plaintiff had the following severe impairments: degenerative disc disease, status post left shoulder arthroscopy, shoulder bursitis, hearing loss, depression, and anxiety. Tr. 27.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 27.

At step four, the ALJ assessed Plaintiff's residual function capacity and found he could perform a range of medium work with the following limitations:

> He can lift, carry, push and pull 50 pounds occasionally and 25 pounds frequently with the right upper extremity; he can lift, carry, push and pull 20 pounds occasionally and 10 pounds frequently with the non-dominant left upper extremity; he can stand and walk 6 hours in an 8 hour workday; he can sit 6 hours in an 8 hour workday; he can occasionally push and pull with the left upper extremity; he can frequently climb ramps and stairs; he can occasionally climb ladders,

ropes and scaffolds; he can frequently stoop, kneel, crouch and crawl; he can occasionally reach overhead with the non-dominant left upper extremity; he can frequently reach in all other directions with the left upper extremity; he can frequently handle and finger with the left upper extremity; he should not work in a job that requires fine hearing and should be in a moderately quiet work environment; he should avoid concentrated exposure to extreme cold, noise, vibration and hazards such as unprotected heights and exposed moving mechanical parts; he can understand and remember simple instructions and routine complex instructions, and has sufficient concentration, persistence and pace to complete simple, routine tasks and routine complex tasks; he should not work with the general public and should not be required to work closely with co-workers; and he should be in a workplace with few changes to the work setting.

Tr. 29. The ALJ identified Plaintiff's past relevant work as agricultural produce packer, frame assembler, machine stacker, and industrial truck operator. Tr. 38. The ALJ found that Plaintiff was able to perform this past relevant work. *Id*. Therefore, the ALJ concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the alleged date of onset, September 1, 2009, through the date of the ALJ's decision, November 26, 2014. Tr. 38-39.

**ISSUES**

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards. Plaintiff contends the ALJ erred by (1) failing to accord weight to the opinions of examining medical providers; (2) failing to properly consider Plaintiff's testimony about the severity of his symptoms, (3) failing to make a proper step two determination and (4) failing to meet her step five burden.[2]

---

[2]Plaintiff identified issues three and four under one heading, but the Court has separated out the arguments for clarity. ECF No. 14 at 13-15.

# DISCUSSION

**A.     Plaintiff's Testimony**

Plaintiff contests the ALJ's evaluation of his testimony stating that "the ALJ made vague assertions that his testimony [was] inconsistent with the record." ECF No. 14 at 12-13.

It is generally the province of the ALJ to make determinations regarding the credibility of Plaintiff's symptom statements, *Andrews*, 53 F.3d at 1039, but the ALJ's findings must be supported by specific cogent reasons, *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990).  Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester*, 81 F.3d at 834.  "General findings are insufficient:  rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834.

The ALJ found Plaintiff had medically determinable impairments that resulted in some limitations in work activity, Tr. 30, however, the ALJ found Plaintiff less than fully credible concerning his allegations of disability, Tr. 32. The ALJ found Plaintiff's statements less than fully credible because (1) his allegations were inconsistent with the objective medical evidence and (2) his allegations were inconsistent with his reported activities.  Tr. 32.  In his briefing, Plaintiff failed to provide a single argument to counter the ALJ's reasons besides a generic "the ALJ failed to provide the required clear and convincing reasons for rejecting the Plaintiff's subjective complaints." ECF No. 14 at 12-13.

Considering Plaintiff's failure to challenge the ALJ's reasons with specificity, the Court cannot consider his vague assertions. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008).  The Ninth Circuit explained the necessity for providing specific argument:

> The art of advocacy is not one of mystery. Our adversarial system relies on the advocates to inform the discussion and raise the issues to the court. Particularly on appeal, we have held firm against considering arguments that are not briefed. But the term "brief" in the appellate context does not mean opaque nor is it an exercise in issue spotting. However much we may importune lawyers to be brief and to get to the point, we have never suggested that they skip the substance of their argument in order to do so. It is no accident that the Federal Rules of Appellate Procedure require the opening brief to contain the "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." Fed. R. App. P. 28(a)(9)(A). We require contentions to be accompanied by reasons.

*Independent Towers of Wash. v. Wash.*, 350 F.3d 925, 929 (9th Cir. 2003).[3] Moreover, the Ninth Circuit has repeatedly admonished that the court will not "manufacture arguments for an appellant" and therefore will not consider claims that were not actually argued in appellant's opening brief. *Greenwood v. Fed. Aviation Admin.*, 28 F.3d 971, 977 (9th Cir. 1994). Because Plaintiff failed to provide adequate briefing, the court declines to consider this issue.

**B.     Medical Opinions**

Plaintiff argues the ALJ failed to properly consider and weigh the medical opinions expressed by his examining doctors and physical therapists. ECF No. 14 at 10-12. However, the only opinions Plaintiff specifically challenged were those of the physical therapists, ECF No. 14 at 11-12, and Thomas Genthe, Ph.D., *Id.* at 14. As discussed above, the Court will only consider those opinions Plaintiff specifically discussed in his briefing.

**1.     Physical Therapists**

The ALJ considered the opinions of three physical therapists, Clayton Smith,

---

[3]Under the current version of the Federal Rules of Appellate Procedure, the appropriate citation would be to FED. R. APP. P. 28(a)(8)(A).

ORDER GRANTING DEFENDANT'S MOTION . . . - 7

Trever Anderson, and John Butts, and gave all three opinions "limited weight." Tr. 33-35. Plaintiff asserts the ALJ found that she had "no obligation to consider the several tests of Physical Therapists because there was no support of the same limitations from treating doctors." ECF No. 14 at 11.

In actuality, the ALJ gave limited weight to these opinions because (1) physical therapists cannot give medical opinions and (2) all three opinions limited Plaintiff's lifting capability on the right side and Plaintiff had not been diagnosed with any right upper extremity impairments. *Id*. Additionally, the ALJ found that Mr. Smith and Mr. Butts reported that Plaintiff gave less than full effort with some of the exercises, suggesting claimant could be more physically capable then he demonstrated. Tr. 33, 35.

Here, the ALJ erred in her conclusion that physical therapists are not medical doctors and, therefore, cannot give medical opinions under social security regulations. Tr. 33-35. While the ALJ is accurate that physical therapists are non-acceptable medical sources under social security regulations, 20 C.F.R. §§ 404.1502(a), 416.902(a), these regulations specifically state that the ALJ is to consider opinions from non-acceptable medical sources, 20 C.F.R. §§ 404.1527(f), 416.927(f). As such, the ALJ erred in her treatment of the opinions of the physical therapists throughout the record. However, the error is harmless considering the ALJ provided other legally sufficient reasons to reject the opinions as discussed below.

The ALJ can reject the opinions of non-acceptable medical sources by providing a reason germane to each witness for doing so. *Ghanim v. Colvin*, 763 F.3d 1154, 1161 (9th Cir. 2014).

Mr. Smith provided bilateral lifting and carrying restrictions ranging from twenty to forty pounds depending on the frequency and the location of the weight in reference to Plaintiff's body. Tr. 620. Mr. Anderson also found bilateral lifting and carrying restrictions. Tr. 589. His ranged from ten to forty pounds depending

on the frequency and the location of weight in reference to Plaintiff's body. *Id.* Mr. Butts provided bilateral lifting restrictions ranging from 15 to thirty-five pounds in depending on the frequency and the location of weight in reference to Plaintiff's body. Tr. 586. The ALJ gave limited weight to all three opinions because they all provided bilateral lifting restrictions and the record only established an impairment with his left upper extremity. Tr. 33-35. To refute the ALJ's conclusions, Plaintiff provides citations to opinions from treating sources. ECF No. 14 at 11. However, all these citations address primarily the left upper extremity, not the right. *Id. citing* Tr. 530, 539, 546, 778. A review of the record shows that Plaintiff's restrictions primarily concern the left upper extremity. Tr. 444, 452-453, 534, 536, 539, 543-544, 546, 551, 867, and 969. Therefore, the ALJ's determination is supported by substantial evidence and is legally sufficient to support the limited weight provided to the opinions.

        The ALJ also stated that she gave limited weight to the opinions of Mr. Smith and Mr. Butts because there was evidence that Plaintiff did not give full effort in the examinations. Tr. 33, 35. Mr. Smith stated that "[t]he client gave varying effort with lift," "[h]e self limited the activity with complaints of increased left arm pain. Effort appeared to be inconsistent," "[p]ain behaviors were consistent with reports of increased pain although some lifting behaviors were questionable, such as striking the box on the higher work station," and "[t]he client appeared to have a functional weakness of the left leg but this behavior was inconsistent." Tr. 612-613. Mr. Butts stated that "[o]verall test findings, in combination with clinical observations, suggest the presence of near full levels of physical effort on [Plaintiff's] Behalf," "[Plaintiff] can do more physically at times than was demonstrated during this testing today," "[o]verall test findings, in combination with clinical observations, suggest the presence of minor inconsistency to the reliability and accurate of [Plaintiff's] reports of pain and disability," and "[Plaintiff] can do more at times than he currently states or

perceives." Tr. 563, 565. Plaintiff provides no argument to counter the ALJ's determination. Considering this, the Court will not disturb the ALJ's determination as to the opinions of the physical therapists.

## 2. Thomas Genthe, Ph.D.

On December 12, 2012, Dr. Genthe conducted a Psychological Evaluation Report, concluding that Plaintiff had a fair ability in several mental residual functional capacity activities, including the abilities to sustain an ordinary routine without supervision, to work with or near others without being distracted by them, to carry out detailed instructions in a reasonable amount of time, to respond appropriately to changes in the work setting, to interact appropriately with the public, to get along with co-workers, and to respond appropriately to criticism from supervisors. Tr. 978. However, Dr. Genthe stated Plaintiff "can be expected to benefit from ongoing treatment services, such as mental health counseling as well as psychotropic medication management. Such services, however, should not prevent [him] from pursuing everyday work related tasks or activities commensurate with his level of education and training." *Id*.

When an examining physician's opinion is not contradicted by another physician, the ALJ may reject the opinion only for "clear and convincing" reasons, and when an examining physician's opinion is contradicted by another physician, the ALJ is only required to provide "specific and legitimate reasons." *Lester*, 81 F.3d at 830-831. The specific and legitimate standard can be met by the ALJ setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating her interpretation thereof, and making findings. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). The ALJ is required to do more than offer her conclusions, she "must set forth [her] interpretations and explain why they, rather than the doctors', are correct." *Embrey v. Bowen*, 849 F.2d 418, 421-422 (9th Cir. 1988).

The ALJ gave the opinion of Dr. Genthe "some weight", stating that "[h]is

ORDER GRANTING DEFENDANT'S MOTION . . . - 10

assessment of the claimant's cognitive, social and adaptive limitations is generally consistent with the objective medical evidence." Tr. 37. Plaintiff challenges the ALJ's assignment of weight, arguing that the ALJ failed to place restrictions on his interaction with co-workers, and failed to account for his inability to maintain concentration and pace, his inability to learn new tasks, and his inability to interact with and accept criticism from supervisors. ECF No. 14 at 14. However, the ALJ's residual functional capacity determination limited him to simple, routine tasks and routine complex tasks, precluded him from working with the general public and working closely with co-workers, and limited him to few changes in the work setting. Tr. 29. Therefore, the ALJ failed to address only one of the above abilities in the residual functional capacity determination: accepting criticism from supervisors.

Plaintiff's challenge to the ALJ's failure to address his ability to accept criticism from supervisors in the residual functional capacity determination does not prevail. First, Dr. Genthe does not preclude Plaintiff from direct contact with supervisors. He states that Plaintiff had a fair ability to respond appropriately to criticism from supervisors. Tr. 978. An undefined fair ability is not equal to a preclusion. Additionally, Plaintiff failed to argue with specificity how the ALJ's reasons for giving only some weight to Dr. Genthe's opinion were legally insufficient. *See Carmickle*, 533 F.3d at 1161 n.2. As such, the Court will not disturb the ALJ's determination regarding Dr. Genthe's opinion.

**C.     Step Two**

Plaintiff asserts that the ALJ erred by stating his carpal tunnel syndrome and left ulnar neuropathy were severe impairments in the heading of her step two determination, but finding the impairments non-severe in the text of the determination. ECF No. 14 at 9, 13-14. Additionally, Plaintiff argues the ALJ erred by not discussing Plaintiff's pain disorder at step two. *Id*.

Step-two of the sequential evaluation process requires the ALJ to determine

whether or not the claimant "has a medically severe impairment or combination of impairments." *Smolen*, 80 F.3d at 1290 (citation omitted). "An impairment or combination of impairments can be found 'not severe' only if the evidence establishes a slight abnormality that has 'no more than a minimal effect on an individual[']s ability to work.'" *Id*. at 1290; *See* 20 C.F.R. 416.922(a). The step-two analysis is "a *de minimis* screening device to dispose of groundless claims." *Smolen*, 80 F.3d at 1290.

### 1. Carpal Tunnel and Ulnar Neuropathy

In the ALJ's decision, the heading of her step two determination stated, "The claimant has the following severe impairments: . . . moderate left carpal tunnel syndrome and cubital tunnel syndrome, ulnar neuropathy. . ." Tr. 27. Then in the body of the step two determination, the ALJ stated "I find that left carpal tunnel syndrome and left ulnar neuropathy are non-severe medically determinable impairments." *Id*.

While an inconsistency between the header of the section and the text of the section may cause some confusion, the ALJ determined that the left carpal tunnel syndrome and the left ulnar neuropathy were not severe. Tr. 27. Plaintiff appears to argue that the non-severe determination is error because the ALJ did not include the effects of the impairments in the residual functional capacity. ECF No. 14 at 13. However, the ALJ considered Plaintiff's carpal tunnel at step two and found, based on substantial evidence, that the impairments "would not have more than a minimal effect on his ability to perform basic work activity." Tr. 27. Without any specific argument from Plaintiff addressing the impairments, the medical evidence in support of severity, and resulting limitations omitted from the residual functional capacity determination, the Court will not disturb the ALJ's determination.

### 2. Pain Disorder

In her step two determination, the ALJ did not discuss Plaintiff's pain

disorder. Tr. 27. However, the ALJ did discuss the pain disorder diagnosis in the residual functional capacity determination, specifically in the weighing of Dr. Bachman's opinion, Dr. Whitmont's opinion, Dr. Schneider's opinion, and Dr. Genthe's opinion. Tr. 31, 33-37.

The ALJ's failure to consider Plaintiff's pain disorder at step two was in error. *See Smolen*, 80F.3d at 1290 *citing* S.S.R. 85-28 (the ALJ is to consider "[a]n impairment or combination of impairments," at step two). However, because she considered the pain disorder in forming the residual functional capacity, the error was harmless. *See Burch v. Barnhart*, 400 F.3d 676, 682 (9th Cir. 2005) (any error by ALJ at step two was harmless because the step was resolved in the claimant's favor).

**D.    Step Five**

Plaintiff argues the ALJ failed to meet her step five burden by failing to identify specific jobs consistent with his functional limitations. ECF No. 14 at 13-14.

If the ALJ finds a claimant cannot do his past relevant work, she proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work, and (2) specific jobs exist in the national economy which the claimant can perform. *Batson*, 359 F.3d at 1193-1194.

Here, the ALJ found that Plaintiff could perform his past relevant work. Tr. 38. As such, no step five determination was necessary and there was no error.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and free of harmful legal error. Accordingly, **IT IS ORDERED:**

1.    Defendant's Motion for Summary Judgment, **ECF No. 16**, is **GRANTED**.

2.    Plaintiff's Motion for Summary Judgment, **ECF No. 14**, is **DENIED**.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. **Judgment shall be entered for Defendant** and the file shall be **CLOSED**.

DATED August 25, 2017.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE